# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CARMELO CALERO CRUZ, (A No. 240-129-735)<br><br>Petitioner,<br><br>v.<br><br>FACILITY ADMINISTRATOR, GOLDEN STATE ANNEX, et al.,<br><br>Respondents. | Case No. 1:26-cv-05488-JLT-FJS<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 2) |

## I.    INTRODUCTION

Before the Court is Walter Carmelo Calero Cruz's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed an opposition to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), a legal position that this Court has rejected repeatedly. (Doc. 9 at 1–2.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack

by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 12.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

### III.    BACKGROUND

Petitioner is from Nicaragua. He entered the United States near Brownsville, Texas, in September 2022, where he was apprehended shortly thereafter by Customs and Border (Doc. 1 at 7, ¶ 27; Doc. 9 at 5.) On November 16, 2022, Petitioner was issued on Order of Release on Recognizance, Form I-220A, and released from DHS custody with Alternate to Detention ("ATD") as a condition of parole. (*Id*. at ¶ 29.) In or about August 2023, Petitioner filed a defensive Form I-589, Application for Asylum and for Withholding of Removal. (*Id*. at 8, ¶ 32.)

Following his release from detention, Petitioner moved to Northern California, where he lived with his sister, obtained gainful employment, filed taxes, and complied with all the conditions of his release. (*Id*. at ¶¶ 36-39.) On July 4, 2026, Petitioner was arrested and charged with Driving Under the Influence in violation of California Vehicle Code § 23152. (Doc. 9 at 6, 11.) On July 9, 2026, Petitioner reported to ICE offices pursuant to the conditions of his Order of Release on Recognizance and was detained due to his recent DUI. (*Id*.) Petitioner is detained at Golden State Annex Detention Facility in McFarland, California.

///

## IV.    DISCUSSION

The government filed an opposition to the petition and motion for temporary restraining order, arguing that Petitioner's detention is "mandatory" as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally*, Doc. 9.) Respondents offer little to rebut Petitioner's due process claim and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention under without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Considering Petitioner's recent DUI charge, the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *13 (E.D. Cal. Nov. 3, 2025) (granting preliminary injunction and ordering substantive bond hearing for petitioner who pleaded guilty to DUI and possession of open container while driving); *Quispe v. Warden, Golden State Annex*, No. 1:26-CV-02557-JLT-SAB, 2026 WL 1023866, at *2 (E.D. Cal. Apr. 14, 2026) (granting petition for habeas corpus and ordering substantive bond hearing for petitioner detained by ICE immediately following arrest for DUI). For the foregoing reasons, the Court **ORDERS:**

1.    The petition for writ of habeas corpus, (Doc. 1), is **GRANTED** for the reasons stated in the orders cited above.

2.    The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.

3.      **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3.      At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4.      Respondents **SHALL** provide a copy of this order and the underlying Findings and Recommendations to the immigration judge handling the bond hearing. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.

5.      The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 24, 2026

_____
UNITED STATES DISTRICT JUDGE